IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br>ERWIN RAFAEL ORTIZ PENA<br>Debtor | CASE NO. 12-08120 MCF<br><br>CHAPTER 13 |
| DORAL BANK<br>MOVANT<br><br>VS.<br>ERWIN RAFAEL ORTIZ PENA AND JOSE RAMON CARRION, TRUSTEE RESPONDENT | INDEX<br><br>☒ OF ACTS AGAINST PROPERTY UNDER §362(D)(1) "CAUSE" |

MOTION FOR RELIEF FROM STAY

TO THE HONORABLE COURT:

Comes now secured creditor Doral Bank ("Doral"), represented by the undersigned attorney who respectfully set forth and prays:

1. The Court has jurisdiction over the subject matter pursuant to the provisions of 28 U.S.C. §1334 and 28 U.S.C. §157 (b)(2)(G).

2. This contested matter is brought pursuant to Bankruptcy Rules 9014, 4001 and Title 11 U.S.C. §362 (d)(1) of the Bankruptcy Code.

3. Doral is a secured creditor in the above captioned case and the holder in due course of a mortgage note encumbering the following property described in the Spanish language:

URBANA: PROPIEDAD HORIZONTAL: Apartamento numero Penthouse Nueve. Es un apartamento residencial de forma irregular de dos niveles, localizado en los pisos trecey catorce del edificio Condominia La Mancha, situado en Ia Carretera Estata/ numero187 del Barrio Hato Cangrejos Arriba del Municipio de Carolina, Puerto Rico, en suprimer nivel mide 29 pies 11 pu/gadas de largo por su parte mas larga, par 25 pies de anchopor su parte mas ancha que hacen un area superficial de 699.00 pies cuadradosaproximadamente, equivalentes a 65.03 metros cuadrados. Sus linderos y distancias son lassiguientes: pore/ Norte, en una distancia de 11 pies cone/ espacio exterior separado por pared y baranda en Ia terraza y 18 pies con 1 pulgada con e/ lobby del e/evador, elemento comun separado por pared interior y conductos de ventilacion; por el Este, en 25 pies con el espacio exterior que mira hacia terrenos de Puerto Rico Development Corporation, hoy Eduardo Saldana; pore/ Sur, en 5 pies, cone/ espacio exterior separado por baranda de Ia terraza y en 24 pies con conducto de ventilacion; y por e/ Oeste, en una distancia de 25 pies con e/ corredor central del piso separado por pared interior en puerta de entrada y conductos de ventilacion. Este nive/ interior comunica se comunica con e/ nive/ superior por una esca/era interior de caracol. El segundo nivel de este apartamento mide igual de

largo y de ancho y tiene igual area que e/ nivel inferior y sumadas las areas de estos niveles dan un area donde tiene un hall, una habitacion, bano, walk-in-closet, storage closet y terraza. El apartamento tiene asignado el estacionamiento numero 94 cubierto.

Property Number 18268 is recorded at page 289 of volume 475, Registry of the Property of Puerto Rico, First Section Carolina.

4. Doral is the holder in due course of a mortgage note in the principal sum of $370,000.00. The indebtedness evidenced by the note is secured by a mortgage executed on January 28, 2006 before Notary Public Luis A. Archilla Díaz deed number 116 (the "Mortgage"). Attached as **Exhibit 1** is a copy of the Mortgage Note and Deed and as **Exhibit 2** a copy of the Title Study that evidences Doral's secured status.

5. On July 30, 2013, Doral filed a proof of claim (Claim 12-1, as amended) in the amount of $348,683.03, with pre-petition arrears of $636.64 for loan ending with numbers 9781 encumbering Debtor's property and, accordingly, it carries a presumption of validity by virtue of F.R.B.P. 3001(f).

6. Since the instant proceeding was filed, Debtor has failed to maintain direct payments to creditor, thus considerably increasing the indebtedness on account of the loan. As of May 13, 2014, fifteen monthly installments of $2,208.00 have accrued, plus fifteen late charges of $91.64. Thus Debtor's account has accumulated post-petition arrears, including late charges and legal fees and costs totaling **$34,670.60**, which has been verified with Doral before the filing of this Motion. The attached a verified statement entitles this Honorable Court to grant Doral relief from the automatic stay, pursuant to 11 U.S.C. §362 (d)(1). **See Exhibit 3.**

## RELIEF FROM STAY

7. That Section 362(d) of the Bankruptcy Code (the "Code"), 11 U.S.C. § 362(d) (1) provides the cause of action for relief from the automatic stay as requested:

*"(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay*

   *(1) For cause, including the lack of adequate protection of an interest in property of such party in interest; ..."*

8. This Honorable Court has statutory discretion to lift the automatic stay if cause is proven. Debtor's failure to adequately protect the interest of the appearing secured creditor is reason enough to provide the requested remedy.

9. As per the facts of the case, Debtor is benefiting from the automatic stay while not protecting the appearing creditor's interest in the collateral. To the date, the records of the Mortgage Department of Doral shows that Debtor has failed to comply with post-payments. The Debtor's failure to comply with the payments due under the mortgage note, results in the Debtor's material default with the terms of the plan. Said default deprives Movant of having its security interest protected as provided under the Bankruptcy Code.

10. Doral has not been offered and does not have adequate protection for the above mentioned security interest. Moreover, the Debtor has failed to make post petition payments as called for under the terms of the plan. Consequently "cause" exists to lift the automatic stay.

11. Movant argues that considering what is here in stated, cause exist for granting relief from stay pursuant to section 362(d)(1) supra.

12. Respondent is the duly-appointed Chapter 13 Trustee.

13. Doral has reviewed the file as well as the documents included in the Court's file and to the best of its knowledge information and belief, the Debtor does not belong to the U.S. Armed Forces, the U.S. Coast Guard, the U.S. Public Health Service or the National Oceanic and Atmospheric Administration. A certificate issued by the U.S. Department of Defense, Manpower Data Center as to the Debtor's military status is attached as **Exhibit 4**.

14. Doral respectfully requests that if this motion is granted and the stay is lifted in its favor, that an order be entered for the Chapter 13 Trustee to stop disbursements to Doral's claim.

WHEREFORE, Movant prays for an Order granting Relief from the Automatic Stay and that an Order be entered for the Chapter 13 Trustee to stop disbursements to Doral's claim.

CERTIFICATE OF SERVICE

I herby certify this same date; I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all CM/ECF participants.

In San Juan, Puerto Rico, this 19th day of May, 2014.

FIDDLER, GONZALEZ & RODRIGUEZ, PSC
Counsel for Doral Bank
P.O. Box 363507
San Juan, PR 00936-3507
Tel. 787-759-3242 / Fax. 787-759-3108

*S/Rosamar García Fontán*
ROSAMAR GARCIA FONTAN
USDC-PR #221004